Amanda COLLINS, Linda Costa, John and Mabel Dunn, Mertice Schmidt, Ruth Auchenbach, Sarah J. Porter, Paul Bailey, Cecil and Esther Anderson, Victoria Gits, Barbara and Robert Fulkerson, William and Bette Eisele, Lillian Powell, Shirley Storey, Warren Petty, Stanley Hinson, Max and Frances Glaston, David and Margie Klausner, John Jaeger, Barbara Harris, Bryan Shultz, Linda French, Elizabeth Weitkamp, Richard Francis, Elaine Hulme, Bernice Weinstein, Joe Pranaitis, Barbara Austin, J.M. Darling, L. Steves, T. Gaub, Judy Ann Skaife, Julie and Frank Martin, Patricia LeGrand, Susan Murphy, David and Julia Simon, Herbert and Tillie Kirschbaum, and Sidney and Sandra Reckler, for themselves and all other persons similarly situated, Plaintiffs-Appellees,

v.

The COLORADO STATE BOARD OF ASSESSMENT APPEALS; The Board of Equalization of the City and County of Denver; Jerry Kempf, as Manager of Revenue; Mike R. Licht, as Deputy Assessor of the City and County of Denver; The City and County of Denver; The Colorado State Board of Equalization; and Mary Ann Mauer, as Property Tax Administrator, Defendants-Appellants.

No. 83SA285.

Supreme Court of Colorado, En Banc.

April 1, 1985.

Alan A. Armour, James H. Downey, Goldstein & Armour, P.C., Denver, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy J. Shuman, Asst. Atty. Gen., Denver, for the Colorado State Bd. of Assessment Appeals.

Stephen H. Kaplan, Denver City Atty., Robert F. Strenski, Asst. City Atty., Denver, for the City and County of Denver, the Bd. of Equalization of the City and County of Denver, Jerry Kempf, as Manager of Revenue, and Mike R. Licht, as Deputy Assessor of the City and County of Denver.

PER CURIAM.

The Colorado State Board of Assessment Appeals (BAA) and the City and County of Denver appeal a judgment of the Denver District Court holding that the Denver assessor improperly increased the 1981 valuation of apartments converted to condominiums in Denver. The court certified as a class all similarly situated condominium owners and ordered that they be granted a property tax refund. Because, as we concluded in *Hoffman v. Colorado State Board of Assessment Appeals*, 683 P.2d 783 (Colo.1984), the statutory scheme for protesting property valuations provides a complete, adequate, and speedy remedy, the district court was without jurisdiction to grant equitable relief in the nature of a class action suit to all similarly situated condominium owners, and we reverse the judgment.

In *Hoffman,* the plaintiffs protested the 1980 valuation of their Denver condominiums; here, the plaintiffs protest the 1981 valuation of their Denver condominiums, but otherwise the issues raised on appeal in these two cases are identical.[1] Counsel representing the plaintiffs in this case is the same counsel who represented the Hoffmans, the district court judge is the same one who ruled in the *Hoffman* case, and the district court rulings are identical. Therefore, as the plaintiffs conceded at oral argument, our decision in *Hoffman* controls the disposition of this case. The district court did not have jurisdiction to grant the class action relief requested.

Judgment reversed.

---

**1.** The BAA granted the requested relief to the named Lafayette Towers West condominium owners, with the exception of Stanley Hinson and Shirley Storey because the two taxpayers failed to timely protest their condominium unit valuations to the county assessor. The BAA denied a motion to allow a late filing of the petitions of the named Viking Condominium owners because they failed to perfect their appeal to the BAA within the time required by statute and in the manner required by the BAA rules and regulations. The BAA also dismissed the petitions of the named Southmoor Park Condominium owners because they failed to exhaust their statutory remedies before the county assessor prior to appealing to the BAA.